UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS C.,[1] | : Case No. 2:22-cv-3533 |
| Plaintiff, | : |
| vs. | : Magistrate Judge Peter B. Silvain, Jr. |
| | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

**DECISION AND ENTRY**

Plaintiff Thomas C. brings this case challenging the Social Security Administration's denial of his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #7), the Commissioner's Memorandum in Opposition (Doc. #8), Plaintiff's Reply (Doc. #9), and the administrative record (Doc. #6).

**I.   Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

Plaintiff protectively applied for benefits on January 14, 2014, alleging disability commencing September 1, 2011, due to several impairments, including a broken right leg, right ankle fusion, right hip and lower back pain, left knee swelling and pain, swelling in his legs and feet, dry skin on both legs, diabetes, sleep apnea, obesity, and tingling and numbness in his hands. (Doc. #6-6, *PageID* #411).[2] After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Eric Anschuetz. ALJ Anschuetz concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (Doc. #6-2, *PageID* #s 118-31). The Appeals Council denied Plaintiff's request for review, and he filed a previous case before this Court. *See* [*Thomas C.*] v. *Comm'r of Soc. Sec.*, Case. No. 2:16-cv-1057 (S.D. Ohio Nov. 4, 2016). Upon the parties' joint motion to remand, this Court remanded the matter to the Commissioner of Social Security for further proceedings. (Doc. #6-9, *PageID* #s 876-80).

On remand, the claim was assigned to ALJ Mark Hockensmith. After holding a hearing, ALJ Hockensmith found that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. *Id.* at 892-904. In December 2019, the Appeals Council remanded the case with instructions to have it heard by a different ALJ due to a violation of the Appointments Clause of the Constitution. *Id.* at 915-15. Pursuant to the Appeals Council's order, Plaintiff's case was assigned to ALJ Gregory Kenyon. After a new hearing, ALJ Kenyon

---

[2] Plaintiff had previously filed an earlier application for benefits on February 27, 2009, which was denied by an administrative decision on August 31, 2011. (Doc. #6-3, *PageID* #s 194-212).

2

issued a decision finding Plaintiff not disabled. (Doc. #6-15, *PageID* #s 1654-68). Plaintiff then filed a new case before this Court. *See* [*Thomas C.*] v. *Comm'r of Soc. Sec.*, Case No. 2:21-cv-169 (S.D. Ohio Jan. 18, 2021). Upon the parties' joint stipulation for remand, the Court remanded the case for further administrative proceedings. (Doc. #6-15, *PageID* #1635).

Upon remand, ALJ Kenyon held a fourth hearing via telephone and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

- Step 1: Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date, September 1, 2011, through his date last insured, December 31, 2011.

- Step 2: Through the date last insured, he had the following severe impairments: residuals of right leg fracture, diabetes mellitus with associated neuropathy, obesity, and adjustment disorder.

- Step 3: Through the date last insured, he did not have an impairment or combination of impairments that met or medically equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

- Step 4: Through the date last insured, his residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of a "sedentary work … with the following exceptions: No more than occasional crouching, crawling, balancing, or climbing of ramps and stairs. No climbing of ladders, ropes, and scaffolds. No use of the dominant right lower extremity for pushing, pulling, or operating foot controls. No driving of automotive equipment. [Plaintiff] is limited to performing simple, routine, and repetitive tasks. No more than occasional contact with supervisors and co-workers; no contact with the general public. No teamwork or tandem tasks. No fast-paced production work or jobs which involve strict production quotas. [Plaintiff] is limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next."

- Step 4: Through the date last insured, he was unable to perform any past relevant work.

> Step 5: Through the date last insured, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

(Doc. #6-14, *PageID* #s 1604-16). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability at any time from September 1, 2011, the alleged onset date, through December 31, 2011, the date last insured. *Id.* at 1616.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #6-14, *PageID* #s 1599-1616), Plaintiff's Statement of Errors (Doc. #7), and the Commissioner's Memorandum in Opposition (Doc. #8) and Plaintiff's Reply (Doc. #9). To the extent that additional facts are relevant, they will be summarized in the discussion below.

**II.** **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision

of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. <u>Discussion</u>

Plaintiff asserts that the ALJ's RFC determination failed to include a limitation of superficial interaction as assessed by the State Agency psychologist, Karen Terry, Ph.D. (Doc. #7, *PageID* #s 1839-43). Plaintiff also argues that the vocational expert testimony was not supported by substantial evidence. *Id.* at 1843-47. In contrast, the Commissioner maintains that the ALJ accounted for the opined restriction by restricting Plaintiff to occasional interaction with supervisors and coworker, no contact with the general public, and no teamwork or tandem tasks. (Doc. #8 at *PageID* #s 1858-62). Further, the Commissioner asserts that substantial evidence supports the ALJ's step five finding. *Id.* at 1862-66.

#### A. **Residual Functional Capacity**

An individual's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). The Social Security regulations, rulings, and Sixth Circuit precedent provide that the ALJ is charged with the final responsibility in determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the residual functional capacity "is reserved to the Commissioner"); 20 C.F.R. § 404.1546(c) (if the claimant's case is at the ALJ hearing level, the ALJ is responsible for assessing his RFC); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately

5

determines a claimant's RFC."). The ALJ's RFC assessment must be based on all the relevant evidence in the case record. 20 C.F.R. § 404.1545(a). Further substantial evidence must support the ALJ's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010) (Hogan, M.J.).

In formulating Plaintiff's RFC, ALJ Kenyon considered the medical opinion evidence of record and afforded "partial weight" to the opinion of the state agency reviewing psychologist, Karen Terry, Ph.D. (Doc. #6-14, *PageID* #s 1611-12). Dr. Terry reviewed Plaintiff's records in April 2014. (Doc. #6-3, *PageID* #s 227-29). Dr. Terry found that Plaintiff "is able to comprehend, remember, and carry out simple (1-2 step) and occasionally mildly complex (3 step) instructions he is familiar with" and does not have fast-paced performance or strict production quota requirements. *Id.* at 227-28. However, "[d]irections need to be specific, concrete and literal. He'll perform optimally with tasks that are demonstrated/presented orally to him …." *Id.* at 227. Further, she noted that he "should not be placed in a job that requires strong reading or writing skills for self-instruction or task performance." *Id.* He "retains the ability to perform routine job duties that remain static and are performed in a stable, predictable work setting; any necessary changes need to occur infrequently and be adequately and easily explained to him ahead of time and at requested times during his learning curve." *Id.* at 229. Regarding Plaintiff's social interaction limitations, Dr. Terry opined that Plaintiff "can relate superficially and minimally with others; however, [he] will perform best in a setting that does not require collaborative efforts for task completion and doesn't require him to interact with the general public." *Id.* at 228.

Generally, the ALJ found that Dr. Terry's "recommended levels of limitation are reasonably consistent with the medical records during the time period in question, although they

are not couched entirely in vocationally defined terms, such as the use of the word 'superficial' to describe the quality of social interaction." (Doc. #6-14, *PageID* #1612). According to the ALJ, he "adapted these recommendations by Dr. Terry in order to comply with regulatory requirements." *Id.* However, the ALJ declined to adopt Dr. Terry's opinion that Plaintiff should only be presented with demonstrated instructions due to his limited reading ability. *Id.* The ALJ noted that Dr. Terry relied on Plaintiff's school records from 1978-1979 and later grade equivalents in forming her opinion. *Id.* The ALJ found that those records were superseded by test results from 1981 and 1984 that indicated Plaintiff has an average range IQ. *Id.* (citation omitted). The ALJ further observed that Plaintiff graduated from high school, spent years working as a skilled electrician, and was able to complete a number of social security forms. *Id.* He concluded that Plaintiff is "clearly literate …." *Id.*

As noted above, Plaintiff's assignment of error rests with the ALJ's failure to include a limitation of superficial interaction in his RFC despite finding Dr. Terry's opined limitation "reasonably consistent" with the medical records. (Doc. #7, *PageID* #s 1839-43). Instead, the ALJ included the following social interaction limitations in Plaintiff's RFC: "[n]o more than occasional contact with supervisors and coworkers; no contact with the general public. No teamwork or tandem tasks." (Doc. # 6-14, *PageID* #1607). According to Plaintiff, although the ALJ attempted to address the need for no more than superficial interaction with coworkers by limiting him to no tandem or team tasks, the ALJ failed to do the same with respect for supervisors. *Id.* at 1842. Plaintiff's argument is well-taken.

While an ALJ is under no obligation to mirror a medical opinion verbatim, he does have an obligation to "meaningfully explain why certain limitations are not included in the RFC

7

determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); *see also*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). In this case, as noted above, Dr. Terry opined that Plaintiff "can relate superficially and minimally with others." (Doc. #6-3, *PageID* #228). The ALJ, in turn, found Dr. Terry's opinion to be "reasonably consistent with the medical records …", but declined to use the recommended language in formulating the RFC because he found that it was "not couched entirely in vocationally defined terms, such as the use of the word 'superficial' to describe the quality of social interaction." (Doc. #6-14, *PageID* #1612). Instead, the ALJ indicated that he "adapted these recommendations by Dr. Terry in order to comply with regulatory requirements." *Id*.

  The ALJ correctly recognized that Dr. Terry's opined limitation to "superficial" contact relates to the quality of Plaintiff's interactions as opposed to the quantity of time spent with other individuals. Indeed, courts have routinely recognized the distinction between a limitation related to the quantity of time spent with an individual and a limitation regarding the quality of the interactions—including a limitation to "superficial" contact. *See Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No.

8

1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-CV-00028, 2020 WL 13572215, at *4 (S.D. Ohio Mar. 13, 2020). As such, Dr. Terry's opined limitation to superficial interaction cannot be accommodated by the ALJ's limitation to occasional contact with coworkers and supervisors.

However, the ALJ's RFC also restricted Plaintiff from contact with the public and from engaging in teamwork or tandem tasks. (Doc. #6-14, *PageID* #1607). The Commissioner argues that these limitations adequately account for Dr. Terry's opinion limiting Plaintiff to superficial interactions with others. (Doc. #8, *PageID* #1860). The Commissioner's argument lacks merit because although these limitations may account for the quality of Plaintiff's interactions with the general public and co-workers, they do not account for the quality of Plaintiff's interactions with supervisors. Further, the ALJ provided no explanation as to why he omitted any limitations regarding the quality of interactions with supervisors. Notably, in providing her recommendation, Dr. Terry found that Plaintiff's social limitations would cause him limitations in his interactions with all "others." (Doc. #6-3, *PageID* #228). Thus, it is unclear why the ALJ decided to depart from this recommendation and find that the quality of Plaintiff's interactions only needed to be limited in the case of co-workers and the general public. *See, e.g., Natalie C. v. Comm'r of Soc. Sec.*, No. 1:21-CV-145, 2022 WL 2651667, at *4 (S.D. Ohio July 8, 2022) (Bowman, M.J.) (finding remand appropriate where the ALJ erred by failing to explain why he did not incorporate the limitations of a medical opinion he found to be persuasive into the RFC); *Barker v. Astrue*, No. 5:09 CV 1171, 2010 WL 2710520, at *5-6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred by failing to include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that Plaintiff have no interaction with the public and only superficial interaction with

co-workers and supervisors" where the ALJ only "limited Plaintiff to no more than occasional interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent Plaintiff can interact with co-workers and supervisors").

In short, remand is warranted in this case because the ALJ found the opinions of Dr. Terry to be "reasonably consistent with the medical records" but failed to include the specific social interaction limitation she recommended or to offer an adequate explanation as to why he declined to include this limitation. Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

### B. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

10

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991).  Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits.  *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).  The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking.  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking.  However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above.  On remand, the ALJ is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for period of disability and Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #7) is **GRANTED;**
2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

September 26, 2023                                     *s/Peter B. Silvain, Jr.*
                                                                                Peter B. Silvain, Jr.
                                                                                United States Magistrate Judge